# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-6772 PA (MRW) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Caruso Affiliated Holdings, LLC et al. v. Allied World National Assurance Company et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of Notice of Removal filed by defendant Allied World National Assurance Company. (Docket No. 1.) The Complaint alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6772 PA (MRW) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Caruso Affiliated Holdings, LLC et al. v. Allied World National Assurance Company et al. | | |

entity is the citizenship of its members. See <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); <u>Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.</u>, 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); <u>Handelsman v. Bedford Village Assocs., Ltd. P'ship</u>, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998); <u>TPS Utilicom Servs., Inc. v. AT & T Corp.</u>, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Notice of Removal contains numerous deficiencies. First, the Notice of Removal alleges:

> [Plaintiff Caruso Affiliated Holdings, LLC ("CAH")] is, and was at the time of the filing of this action, a citizen of California. Specifically, Allied World is informed and believes that CAH is a limited liability company <u>organized under the laws of the State of California with its principal place of business located in Los Angeles, California</u>;
>
> [Plaintiff Americana Homes, LLC ("AHLLC")] is, and was at the time of the filing of this action, a citizen of California. Specifically, Allied World is informed and believes that AHLLC is a limited liability company <u>organized under the laws of the State of California with its principal place of business located in Los Angeles, California</u>;
>
> [Plaintiff Americana Homes II, LLC ("AHIILLC")] is, and was at the time of the filing of this action, a citizen of the State of California. Specifically, Allied World is informed and believes that AHIILLC is a limited liability company <u>organized under the laws of the State of California with its principal place of business located in Los Angeles, California</u>; and
>
> [Plaintiff The Americana at Brand, LLC ("Brand")] is, and was at the time of the filing of this action, a citizen of California. Specifically, Allied World is informed and believes that the Brand is a limited liability company <u>organized under the laws of the State of California with its principal place of business located in Los Angeles, California</u>.

(Docket No. 1 at ¶¶5, 8-10 (emphasis added).) The Notice of Removal alleges the citizenship of plaintiffs CAH, AHLLC, AHIILLC, and Brand as if these entities were corporations, rather than limited liability companies. Therefore, the Notice has not properly alleged the citizenship of these parties.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6772 PA (MRW) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Caruso Affiliated Holdings, LLC et al. v. Allied World National Assurance Company et al. | | |

Second, the Notice of Removal alleges:

> Allied World is also informed and believes that the partners of [Plaintiff Caruso Management Company, Ltd. ("CMC")] are also citizens of California and that <u>none of its partners are citizens of New Hampshire, Pennsylvania or New York</u>; and

> Allied World is also informed and believes that the partners of [Plaintiff Americana Housing, L.P. ("AHLP")] are also citizens of Delaware and California and that <u>none of its partners are citizens of New Hampshire, Pennsylvania or New York</u>.

(<u>Id.</u> at ¶¶6-7 (emphasis added).) Defendant's conclusory statements that none of the partners are from New Hampshire, Pennsylvania, or New York are not sufficient to allege diversity jurisdiction. <u>Compare Lindley Contours, LLC v. AABB Fitness Holdings, Inc.</u>, 414 Fed. Appx. 62, 65 (9th Cir. 2011) ("For fourteen of these entities, Appellees assert that 'none of its members is an Oregon citizen,' but do not identify of what state they are a citizen nor whether they are composed of another layer of partnerships. In light of Appellees' burden to establish complete diversity, such conclusory statements are insufficient.") (citation omitted). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." <u>Kanter</u>, 265 F.3d at 857. Therefore, the Notice has not properly alleged the citizenship of these parties.

Third, and finally, the Notice of Removal is riddled with Defendant's statement that it "is informed and believes" as a qualifier for each of the diversity allegations. (<u>See, e.g.</u>, Docket No. 1 at 4-5 ("Allied World is informed and believes that ICOSP is a corporation organized under the laws of the State of Pennsylvania with its principal place of business located in New York, New York. Allied World is informed and believes that Plaintiffs erroneously allege that ICOSP [is] an Illinois corporation.").) But "[a] petition [for removal] alleging diversity of citizenship upon information and belief is insufficient." <u>Bradford v. Mitchell Bros. Truck Lines</u>, 217 F. Supp. 525, 527 (N.D. Cal. 1963); <u>see</u> <u>also</u> <u>Leon v. Gordon Trucking, Inc.</u>, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("A defendant is presumed to know the facts surrounding its own citizenship.").

For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiffs' claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 19STCV22736, for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED.